against the Third Avenue Railroad Company. Hoadly, Lauterbach & Johnson (Henry Siegrist, Jr., and Herbert R. Limburger, of counsel), for appellant. Rodolphe Claughton (Abraham Oberstein and Max D. Steuer, of counsel, for respondent.

PER CURIAM. We have examined with care the record herein, and are of the opinion that, on the testimony adduced, the case was properly one for a jury. With their findings we are not disposed to interfere, as there is no such preponderance of evidence to justify it. The charge of the trial justice was fair and impartial, and correctly stated, as a whole, the principles of law governing the case in question. While the instruction that the motorman of the car was bound to avoid the accident was error, the same was subsequently cured by the statement that he was bound to exercise that care and caution that a prudent man would exercise in order to avoid a collision. This was certainly inconsistent with the previous charge upon the same point, and was obviously made to correct the error stated. The rule is well settled that where a judge, in charging a jury, lays down erroneous propositions, but subsequently corrects the misdirection and gives the true rule, no error is presented for a review. We think the withdrawal mentioned met the requirements of Chapman v. Railway Co., 55 N. Y. 579; Falke v. Railroad Co., 38 App. Div. 49, 55 N. Y. Supp. 984, and that the jury were not influenced by the erroneous instruction first stated. The judgment, therefore, should be affirmed, with costs. Judgment affirmed, with costs.

LELAND, Appellant, v. HEARN et al., Respondents. (Supreme Court, Appellate Division, First Department. November 8, 1901.) Action by Eveline Leland, as administratrix, etc., of George Leland, deceased, against George A. Hearn and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed. Ernest T. Fellowes, for appellant. Frank V. Johnson, for respondents.

VAN BRUNT, P. J. After a careful examination of the record in this case, we are of the opinion that the judgment should be affirmed. The evidence offered by the defendants conclusively disposes of any basis for a finding of negligence upon their part. The judgment should be affirmed, with costs.

LENANE, Respondent, v. BRESLOW–WEISS CIGAR MFG. CO., Appellant. (Supreme Court, Appellate Term. June, 1901.) Action by Thomas Lenane against the Breslow-Weiss Cigar Manufacturing Company. Lewkowitz & Schaap, for appellant. B. L. Kraus, for respondent.

PER CURIAM. This judgment cannot be sustained, because the defendant corporation was not incorporated when the premises were leased, and no subsequent ratification by it appears. The record also shows that the premises were rented by Breslow and Weiss individually. Judgment reversed, and new trial ordered, with costs to abide event.

LEONARD, Appellant, v. HARNEY, Respondent, et al. (Supreme Court, Appellate Division, Second Department. October 4, 1901.) Action by Henry W. Leonard, as executor of the last will and testament of Antoinetta Harney, deceased, against William H. Harney, impleaded with the Provident Savings Life Assurance Society. No opinion. Motion denied.

LEVENE v. HAHNER. (Supreme Court, Appellate Division, First Department. October 25, 1901.) Action by Jennie Levene against John Hahner. No opinion. Motion denied.

In re LEVENSON. (Supreme Court, Appellate Division, First Department. October 18, 1901.) In the matter of Nathan B. Levenson. No opinion. Respondent suspended until the further order of the court.

In re LEVENSON. (Supreme Court, Appellate Division, First Department. October 25, 1901.) In the matter of Nathan B. Levenson. No opinion. Motion granted.

LEVIN, Appellant, v. SPERO, Respondent. (Supreme Court, Appellate Term. June, 1901.) Action by Morris Levin against Sarah R. Spero. James, Schell & Elkus, for appellant. N. S. Levy, for respondent.

PER CURIAM. The plaintiff found it necessary to call the defendant for the purpose of establishing his case. The defendant was certainly a hostile witness, and considerable latitude should have been given in her examination. The plaintiff had testified to conversations had with her, which, if true, would strongly tend to establish her liability. In answer to the plaintiff's attorney, she denied the authority of her son to make any contract for her. Counsel put a series of questions to her regarding the conversations to which the plaintiff testified, and upon objection she was not allowed to answer them. We think that under the circumstances plaintiff was clearly entitled to a much wider opportunity for examining this witness than was permitted by the learned trial court. Judgment reversed, and new trial ordered, with costs to abide the event.

LEVINE v. GOLDSMITH et al. (Supreme Court, Appellate Division, First Department. October 25, 1901.) Action by Julius Levine against Gustavus A. Goldsmith and others. No opinion. Motion granted, with $10 costs.

LEVY v. HANNEMAN. (Supreme Court, Appellate Division, First Department. October 18, 1901.) Action by Pauline Levy against Louis Hanneman. No opinion. Motion denied.